UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFREY A. COLE,

    Plaintiff,

v.                                      Case No. 3:15cv383/MCR/CJK

DAVID A. ELLIS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), a memorandum of law (doc. 2) and a motion to proceed *in forma pauperis* (doc. 3). Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiation of this suit.

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

>was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff admits that he has "three-strikes." (Doc. 1, p. 4). The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Cole v. Doe*, No. 5:08cv138/RS-MD, 2008 WL 2397616 (N.D. Fla. June 9, 2008) (dismissing plaintiff's civil rights action as malicious for plaintiff's abuse of the judicial process); *Cole v. Warden, Hillsborough Cnty. Jail*, No. 8:07-cv-1798-RAL-MAP (M.D. Fla. Oct. 4, 2007) (dismissing plaintiff's civil rights action for failure to state a claim); *Cole v. Gary*, No. 9:08-cv-80374-DMM (S.D. Fla. Sept. 11, 2008) (dismissing plaintiff's civil rights action for failure to state a claim). All of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department

of Corrections' inmate number, DC# T01790.

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. In determining whether plaintiff satisfies this burden, the court looks to plaintiff's complaint as a whole, construing it liberally and accepting plaintiff's allegations as true. *Brown*, 387 F.3d at 1350. General allegations that are not grounded in specific facts indicating that a serious physical injury is imminent are not sufficient to invoke § 1915(g)'s exception. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id*. A prisoner's claim that he faced a past imminent danger is an insufficient basis to allow him to proceed under the imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that § 1915(g)'s exception was not triggered where the threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Imminent danger is assessed at the time the complaint is filed, not at the time of the alleged incident. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 213 (3rd Cir. 2001). In addition, there must be an adequate nexus between the imminent danger alleged and the legal claims asserted in the prisoner's complaint. *Pettus v. Morgenthau*, 554 F.3d 293, 296, 298-299 (2d Cir. 2009) (holding that imminent danger exception

applies only when an adequate nexus exists between the claims the prisoner seeks to pursue in the lawsuit, and the imminent danger he alleges; such a nexus exists when the prisoner's complaint seeks to redress an imminent danger of serious physical injury that is fairly traceable to the violation of law alleged in the complaint); *see also, e.g., Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (recognizing that to fulfill the imminent danger requirement, the prisoner must demonstrate an adequate nexus between the claims (s)he seeks to pursue and the imminent danger (s)he alleges).

Plaintiff has not met his burden of establishing that he qualifies for § 1915(g)'s imminent danger exception. Plaintiff is presently incarcerated at Santa Rosa Correctional Institution (Santa Rosa CI). Plaintiff is suing David A. Ellis, former warden of Gulf Correctional Institution; and Justin D. Ellis, David Ellis' son who is a correctional officer at Santa Rosa CI. Plaintiff claims the defendants violated his First Amendment rights in September of 2011, when they conspired to have plaintiff murdered in retaliation for plaintiff's filing a lawsuit against David Ellis in 2010. Specifically, plaintiff alleges that in 2011, Justin Ellis "hired" plaintiff's then cellmate at Santa Rosa CI, George Gonzalez, to murder plaintiff, which Gonzalez then attempted on September 27, 2011, by punching plaintiff in the face when he was asleep. (Doc. 1, pp. 5-6). Despite the temporal remoteness of defendants' alleged retaliation, plaintiff attempts to bring his § 1983 claims within § 1915(g)'s imminent danger exception by alleging that "defendants might, once again, put a hit out on me, in retaliation against me for suing them now, and I'm now celled with inmate William Robinson who threatened to physically harm me Thursday, 2 July 2015. . . ." (Doc. 1, p. 6). Plaintiff's allegation that defendants "might" put a hit on him is too

speculative, remote and conclusory to support application of the imminent danger exception. This is true even when viewed in light of plaintiff's remaining allegations concerning inmate Robinson's threat.

Plaintiff provides this description of the nature and extent of cellmate Robinson's threat:

> [Inmate Robinson] could physically attack and (seriously and or non-seriously) injure me after he sees and smells human feces and or urine sitting stagnant in our toilet's bowl, which isn't his and or mine, is an inmate's or inmates' who resides/reside in cell next to ours (D2203), and got there after one or both our next door neighbor(s) deposited it in their toilet's bowl and flushed it into soil pipe that is connected to our toilet and because such soil pipes have no backflow inhibitors connected to them, because he believes that I deposited it there and neglected to flush it, which I've grieved in writing to no avail. I fear my cellie, William Robinson, will physically harm me.

(Doc. 1, pp. 6A-6B).

Plaintiff's allegations that Robinson "could" attack and "seriously or non-seriously" injure plaintiff if he "sees and smells human feces and or urine sitting stagnant" in their shared toilet are far too attenuated and speculative to conclude that plaintiff is under imminent danger of serious physical injury. Even if these allegations were adequate to show imminent danger, plaintiff fails to establish a nexus between the imminent danger and the conduct underlying his § 1983 complaint. The alleged danger posed by inmate Robinson's threat has nothing to do with either of the defendants, or with the retaliation claims underlying plaintiff's complaint. *See, e.g., Pettus*, 554 F.3d at 299 (holding that even if prisoner sufficiently alleged prison conditions that rose to the level of an imminent danger of serious physical injury, prisoner did not satisfy 1915(g)'s imminent danger exception because prisoner's §

1983 claims were based on prisoner's purported improper prosecution and improper inmate classification, wrongs which were too attenuated from the alleged imminent danger (prisoner's confinement at facility where he was being beaten, robbed and assaulted by other inmates) for that danger to be fairly traced back to the asserted wrong; the possibility that judicial relief on inmate's claim would redress alleged imminent danger was entirely speculative). As in *Pettrus*, the possibility that judicial relief on plaintiff's § 1983 claim (alleging retaliation by defendants David and Justin Ellis in 2011) would redress the alleged imminent danger posed by inmate Robinson is attenuated and speculative. Plaintiff does not satisfy § 1915(g)'s imminent danger exception.

Plaintiff's arguments that § 1915(g) is unconstitutional because it is a bill of attainder and violates plaintiff's right of access to the courts (doc. 2) are without merit. *See Rivera v. Allen*, 144 F.3d 719, (11th Cir. 1998) (holding that three strikes provision is not unconstitutional as a violation of the First Amendment right of access to the courts, the separation of powers doctrine, the Due Process Clause, or the Equal Protection Clause), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 796 (2007); *Wilson v. Yaklich*, 148 F.3d 596, 605-606 (6th Cir. 1998) (holding that three strikes provision was not an unconstitutional bill of attainder), *cert. denied*, 525 U.S. 1139 (1999).

Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that he is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's motion to proceed *in forma pauperis* (doc. 3) be DENIED.

2. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

3. That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of September, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.